ELIJAH BOUIE and SARAH BOUIE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Bouie v. Commissioner
Docket Nos. 2620-82, 31135-83.
United States Tax Court
T.C. Memo 1984-286; 1984 Tax Ct. Memo LEXIS 387; 48 T.C.M. (CCH) 214; T.C.M. (RIA) 84286; May 30, 1984. Emerson E. Blue, for the petitioners. John T. Lortie, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: In these consolidated cases respondent determined deficiencies in petitioners' Federal income tax as follows: Docket Number
Year
Deficiency
2620-82
1979
$ 893
31135-83
1980
3,211
After concessions, the sole issue is whether petitioners are entitled to deduct expenses incurred by petitioner-husband in traveling between his residence and *388 place of work. All of the facts are stipulated and found accordingly. Petitioners, Elijah Bouie and Sarah Bouie, resided in Joliet, Ill., when they filed their petitions herein. On November 29, 1977, petitioner Elijah Bouie (petitioner) was hired as a welder by the Morrison Construction Company (herein the Morrison company). The Morrison company immediately assigned petitioner to work at a nuclear construction site in Seneca, Ill. (herein the construction site). Petitioner was never informed how long his assignment at the construction site would last. With the exception of a layoff period which lasted from December 8, 1977, to May 24, 1978, petitioner worked continuously at the construction site until February 18, 1983. The construction site is located approximately 51 miles from petitioner's residence in Joliet, Ill. While working at the construction site petitioner commuted daily from his residence. On their 1979 and 1980 returns petitioners deducted $3,721 and $4,966, respectively, for expenses incurred in connection with that commuting. In his notices of deficiency, respondent disallowed these deductions. The sole issue is whether petitioners may deduct these *389 commuting expenses. As a general rule, deductions for personal expenses are disallowed under section 262. [1] Although section 162(a)(2) allows a deduction for traveling and living expenses incurred while away from home in pursuit of a trade or business, this Court has consistently held that a taxpayer's "home" for purposes of section 162(a)(2) is the vicinity of the taxpayer's principal place of employment and not where his personal residence is located. ; . An exception to this rule exists, however, when a taxpayer accepts employment away from his home which is temporary as opposed to indefinite. . Thus, resolution of the issue herein depends on a factual determination of whether petitioner's employment at the construction site was temporary or indefinite. [2]
*390 Employment is temporary if its termination is foreseeable within a short period of time. ; . Employment is indefinite if either its termination cannot be foreseen within a fixed or reasonably short period of time, , affd. , or it continues for a substantial or indefinite duration. . The taxpayer has the burden of proving that his employment was temporary. ; Rule 142(a). Petitioners contend that the employment at the construction site was temporary because (1) it would terminate when the project was completed, (2) there was a possibility petitioner would be laid off, and (3) there was a possibility the Morrison company would reassign petitioner. We, however, are not persuaded by these assertions. By the beginning of 1979 petitioner had worked continuously at the construction site for more than seven months, and by the end of 1980 *391 he had worked there for more than nineteen months. Although petitioner was laid off from his job at the construction site in the latter part of 1977, petitioners have not proven that by 1979 and 1980 it was foreseeable that petitioner would again be laid off nor that his job would be terminated within a short period of time due to the completion of the project or by reassignment. In fact, these contentions are belied by the fact that petitioner continued to work at the construction site until February 1983. Accordingly, we conclude that in both 1979 and 1980 it was not foreseeable that petitioner's employment at the construction site would be terminated "within a short period of time." Thus, we hold that in 1979 and 1980 petitioner's employment at the construction site was indefinite rather than temporary and that petitioners are therefore not entitled to deduct the commuting expenses petitioner incurred in connection with that employment. To reflect concessions and the foregoing, Decisions will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended. ↩
2. Respondent has conceded that if petitioner's employment at Seneca was temporary, his expenses are deductible. See .↩